1

2

3

4

5           UNITED STATES DISTRICT COURT

6           EASTERN DISTRICT OF WASHINGTON

7   SHIRLEY FAIRBANKS,

8                          Plaintiff,                    NO:  13-CV-3064-TOR

9         v.                                              ORDER DENYING DEFENDANT'S
                                                          MOTION TO AMEND AND
10  BANKERS LIFE AND CASUALTY                             GRANTING PLAINTIFF'S MOTION
    COMPANY, a foreign life insurance                     TO REMAND
11  company, and John Does No. 1-10,

12                         Defendant.

13

14      BEFORE THE COURT is Defendant's Motion to Amend Notice of

15  Removal (ECF No. 5) and Plaintiff's Motion to Remand (ECF No. 8). This matter

16  was submitted for consideration without oral argument.  The Court has reviewed

17  the briefing and the record and files herein, and is fully informed.

18                          BACKGROUND

19      Shirley Fairbanks sued Bankers Life and Casualty Co., seeking $71,768.21

20  in proceeds from a Bankers Life annuity policy to which she claims to be a

ORDER DENYING DEFENDANT'S MOTION TO AMEND AND GRANTING
PLAINTIFF'S MOTION TO REMAND ~ 1

beneficiary, as well as costs and attorney's fees. ECF No 1-1. Defendant removed this action to federal court on the basis of diversity jurisdiction, then moved to amend/correct its notice of removal to provide a detailed factual recitation and legal analysis of the amount in controversy.  ECF Nos. 1, 5 and 6. Plaintiff contends that Defendant has failed to meet 28 U.S.C. § 1332's criteria, including the amount-in-controversy requirement. ECF NO. 8 at 1.

## DISCUSSION

The dispositive question before the Court is whether 28 U.S.C. § 1332's amount-in-controversy requirement is met where Plaintiff requests $71,768.21 under an annuity policy payout and unspecified attorney's fees.

Federal district courts have original jurisdiction in cases where (1) the amount in controversy exceeds $75,000, exclusive of costs and interest, and (2) there exists complete diversity of citizenship between the parties. 28 U.S.C. §1332(a).  When the complaint does not specify a particular amount of damages, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy" exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-404 (9th Cir. 1996).  Defendants may rely on facts presented in the removal petition and any "summary judgment type evidence" relevant to the amount in controversy at the time of removal.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003)

ORDER DENYING DEFENDANT'S MOTION TO AMEND AND GRANTING PLAINTIFF'S MOTION TO REMAND ~ 2

("[c]onclusory allegations as to the amount in controversy are insufficient.").

Moreover, the court may consider this evidence even if it was not produced with

the original notice of removal. *Cohn*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) ("[t]he

district court did not err in construing [Defendant's] opposition as an amendment

to its notice of removal.").

Generally, attorney's fees are excluded in determining the amount in

controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)

(citing 14A C.Wright & A. Miller, Federal Practice and Procedure § 3712, at 178

(1985)). However, where attorney's fees are authorized by contract or underlying

statute, "such fees may be included in the amount in controversy." *Id.*

Here, even Defendant's proposed amended Notice of Removal fails to

support an amount in controversy sufficient to meet the statutory requirement for

diversity jurisdiction. *See* ECF No. 6. Defendant contends that when attorney's

fees are added to the policy value of $71,768.21 the amount in controversy will

exceed $75,000. ECF No. 6 at 4.  However, the parties have not identified a statute

or contractual provision under which attorney's fees may be appropriately added to

the value of the annuity policy. Though Plaintiff's original claim in state court

requested costs and reasonable attorney's fees, in addition to the payment of the

policy proceeds, it does not allege a violation of a statute or a contractual basis for

receiving attorney's fees. ECF No. 5-1 at 11. Nor does the Defendant specify a contractual or statutory basis authorizing attorney's fees.

The Court notes that Defendant cites to a case in which relief was available under the Washington Insurance Fair Conduct Act ("IFCA"), Wash. Rev. Code 48.30.015. ECF No. 6 at 4. However, Defendant does not directly contend that its annuity policy is covered by the IFCA. Nor is the Court persuaded by a preponderance of the evidence that the IFCA would apply to the annuity at issue in this case. *See Babcock v. ING Life Ins. and Annuity Co.*, 2013 WL 24372 at *7 (the Court could not identify any hazard or peril to be insured against with respect to an annuity under a structured settlement, which would be necessary to categorize it as an insurance contract under the IFCA).  The IFCA provides that "[a]ny first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action…to recover the actual damages sustained…including reasonable attorneys' fees…." Wash. Rev. Code 48.30.015(1). The IFCA defines "first party claimant" as an "individual…asserting right to a payment as a covered person under an insurance policy or insurance contract arising out of the occurrence of the contingency or loss covered by such a policy or contract." Wash. Rev. Code 48.30.015(4).  Here, Plaintiff claims to be the beneficiary of proceeds from an annuity policy. ECF No 1-01 at 2. Thus, Defendant has not shown the annuity is the proper subject of the IFCA.

ORDER DENYING DEFENDANT'S MOTION TO AMEND AND GRANTING
PLAINTIFF'S MOTION TO REMAND ~ 4

Therefore, Court finds that Defendant has not met its burden of showing the amount in controversy in excess of $75,000 as required for diversity jurisdiction under 28 U.S.C. § 1332(a).  Accordingly, this case is remanded to Yakima County Superior Court.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand, ECF No. 8, is **GRANTED**. This case is **REMANDED** to Yakima County Superior Court. All pending motions are **DENIED** as moot.

    The District Court Executive is hereby directed to enter this Order, furnish copies to counsel, <u>mail a certified copy to the Clerk of the Yakima County Superior Court</u>, and **CLOSE** the file.

2. The Court **DENIES** Defendant's Motion to Amend its Notice of Removal as moot.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** September 20, 2013.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO AMEND AND GRANTING
PLAINTIFF'S MOTION TO REMAND ~ 5